CHESHIRE.

## School-District *v.* Twitchell & *a.*

A school-district situate in two or more towns is entitled to its just pro-
portion of money raised for school purposes by vote of the several
towns beyond the amount required by law to be assessed, according to
the valuation of persons and property taxable therein; and a vote of
one of the towns making a different disposition of such money is in-
operative.

Debt, by school-district No. 9 in Swanzey, against the selectmen
of Richmond to recover school-money. Facts found by the court.
Certain inhabitants of Richmond were annexed to district No. 9 in
Swanzey for school purposes. At the annual meeting, 1883, the
town of Richmond voted to raise $500 for school purposes in excess
of the amount required by law. Also, "Voted to divide the five
hundred dollars now appropriated as follows: pay to school-district
No. 9 in the town of Swanzey the sum of one dollar, and to each
school-district in the town of Richmond the sum of one dollar, the
remainder of the five hundred dollars to be divided between each
school-district in the town of Richmond according to valuation."

The plaintiffs claim to recover their proportionate share of the
$500, according to the valuation of persons and property taxable
in Richmond, under *s.* 13, *c.* 86, Gen. Laws. The defendants claim
that the vote of the town was valid, by Gen. Laws, *c.* 85, *s.* 4, and
that under it the plaintiffs are only entitled to recover one dollar.

*Lane & Dole*, for the plaintiffs.

*Batchelder & Faulkner*, for the defendants.

BLODGETT, J. It is unnecessary to determine whether the vote
in question is in accordance with Gen. Laws, *c.* 85, *s.* 4, or whether
it is within the constitutional authority of the legislature to confer
upon towns the right to apportion the school-money raised by taxa-
tion according to their discretion; for by *c.* 86, *s.* 13, it is expressly
provided that "every district situate in two or more towns shall
be entitled to its just proportion of school taxes, income of school
funds, and literary fund in each town, according to the valuation
of persons and property taxable therein." This provision being
both explicit and peremptory, and its language certain and unam-
biguous, there is no room for construction, and we are bound to
give it effect according to its unmistakable import.

It follows, therefore, that the plaintiffs are entitled to recover their proportionate share of the five hundred dollars raised for school purposes, according to their valuation of persons and property in Richmond at the time of the assessment.

*Judgment for the plaintiffs accordingly.*

STANLEY, J., did not sit: the others concurred.